IN THE CITY OF CHICAGO, ILLINOIS
DEPARTMENT OF ADMINISTRATIVE HEARINGS

| | |
|---|---|
| In Re the Denial of the Application for a Parade Permit of ) <br> ) <br> **March On the DNC 2024 08/22/24** ) <br> **Kobi Guillory, Organizer/Applicant** ) <br> ) | **Docket: 24PA000003** |

## **FINDINGS, DECISION, & ORDER**

This matter, coming for Hearing upon Applicant's Appeal of the Denial of its Application for a Parade Permit, notice given, and the Administrative Body advised in the premises, having considered any Motions, evidence, and arguments presented, this Administrative Body finds by a preponderance of the evidence and rules as follows:

**Background:**

On January 10, 2024, an application for a parade permit (City Ex 1) was filed by Kobi Guillory with the name of the parade indicated as "March On the DNC 2024" and sponsored by Chicago Alliance Against Racist and Political Repression. (hereinafter "Alliance") The requested parade date was 08/19/2024 and was to start at 2:00 pm and end at 4:00 pm with an assembly time of 12:00 pm and a disband time of 4:30 pm. The assembly and the disband areas were the same location - Union Park, 1501 W Randolph St, Chicago, IL 60606.

The proposed parade route is described as: "At 2:30 we will exit Union Park on the Ashland side and walk down Ashland to Adams. We will then turn right (west) on Adams and walk to Damen, turning right (north) onto Damen we will walk to Washington and turn right (east) onto Washington, entering Park #578, arriving around 3:00pm. At 3:30 pm, we will exit Park #578 onto Wolcott, walk south to Washington, turn left (east) on Washington, and walk east on Washington to 1412 W Washington Blvd., Chicago, Il 60607. After a brief stop, we will turn around and head west down Washington back to Union Park. We will Disperse from Union Park at 4:30 pm."

The estimated participants are 1,000+ and the number of units in the parade for Floats is "0", for Vehicles "0", and for Marching Groups is "0".

This application for permit was Denied by letter to the applicant dated January 22, 2024. (City Ex 2) The Denial of this application was not appealed to the Department of Administrative Hearings.

On January 30, 2024, an application for a parade permit (City Ex 3) was filed by Kobi Guillory with the name of the parade indicated as "March on the DNC 2024 08/22/24" and sponsored by the "Alliance". The requested parade date was 08/22/24 and was to start at 2:00 pm and end at 4:00 pm with an assembly time of 12:00 and a disband time of 4:30. The assembly and the disband areas were the same location – Union Park 1501 W Randolph St., Chicago, IL 60606.

1

The proposed parade route is described as: "At 2:30 we will exit Union Park on the Ashland side and walk down Ashland to Adams. We will then turn right (west) on Adams and walk to Damen, turning right (north) onto Damen we will walk to Washington and turn right (east) onto Washington, entering Park #578, arriving around 3:00pm. At 3:30 pm, we will exit Park #578 onto Wolcott, walk south to Washington, turn left (east) on Washington, and walk east on Washington to 1412 W Washington Blvd., Chicago, Il 60607. After a brief stop, we will turn around and head west down Washington back to Union Park. We will Disperse from Union Park at 4:30 pm."

The estimated participants are 1,000+ and the number of units in the parade for Floats is "0", for Vehicles "0", and for Marching Groups is "0".

This application for permit was Denied by letter to the applicant dated February 1, 2024. (City Ex 4) The February 1, 2024, letter to the applicant states that "Pursuant to subsections 10-8-330(d)(1), 10-8-330(d)(3) and 10-8-330(d)(4) of the Municipal Code of Chicago, your application dated January 30, 2024, for a parade on August 22, 2024, is disregarded and denied for the following reasons:"

The letter then lists the above code sections and provides a word for word copy of the language for each code section.

The Denial of this application was appealed to the Department of Administrative Hearings and is the subject of this hearing.

**Authority:**

The Department of Administrative Hearings has the authority to hear this matter pursuant to Municipal Code Section 10-8-330(l)(1). An application for a parade permit was filed with the Department of Transportation on January 30, 2024. (City Ex 3) The Department of Transportation denied the application and provided notice of that action to the applicant on February 1, 2024. (City Ex 4) An appeal of the denial was timely filed with the Department of Administrative Hearings on February 7, 2024 and therefore authority to hear the matter is properly established.

**Hearing:**

The hearing on this matter was conducted on February 14, 2024.

At the beginning of the hearing counsels for each party identified themselves for the record. Assistant Corporation Counsel Matthew Spahr and Assistant Corporation Counsel Christopher Dionne for the City and Daniel Massoglia, Madelin Townsend, and Jacqueline Spreadbury for the applicant.

**Preliminary matters:**

Counsel for the applicant indicated that the City served a Notice of Motion and Motion to Limit the Scope of the Hearing late in the afternoon on February 13, 2024, and that because of that they would move for a continuance to respond and prepare in a different manner. The City's Motion was not presented at the hearing, rather as the Procedural Rules for the Conduct of Administrative Hearings limits prehearing motions to motions for Discovery, Subpoenas, and Continuances, the City was asked to give a summary of the Motion and the applicant provided a response. The City indicated that it wanted clarification that the hearing was only going to address the denial of the January 30, 2024, application and not the basis of the denial of the January 10, 2024, application because in the request for hearing the applicant attached both

2

applications and both denial letters. The applicant was asked to clarify which denial was being appealed and the applicant answered that it knew that the date to appeal the January 22, 2024, denial was passed and acknowledged that the appeal was for the February 1, 2024, denial. However, the applicant expressed concern that it had to alter its strategy based on the City's Motion and that it would need a continuance if the City's motion was Granted.

Based on the clarification the City's Motion was not considered.

The Applicant then moved for a continuance based on Good Cause. Applicant provided oral reasons to establish Good Cause. The City responded. The reasons were considered, and it was determined that good cause was not established and the Motion to Continue was Denied.

The Applicant made an oral motion for subpoenas for certain individuals to testify and ruling on that motion was reserved pending testimony of present witnesses.

**Opening Statements presented.**

**Testimony:**

The City's only witness in this matter was Bryan Gallardo. Mr. Gallardo is the Assistant Commissioner of the City of Chicago Department of Transportation Public Way Permitting Office and has held that office since October 2017. His job duties include reviewing parade applications. He identified applications received from the applicant and the notice letters sent in response. The applications and letters were admitted into evidence without objection from applicant.

Mr. Gallardo testified that he compared the applications dated January 10, 2024, and January 30, 2024 and noticed that other than the date and a slight change to the name everything appeared to be the same on both applications.

Under cross examination Mr. Gallardo testified that the January 30, 2024, application was denied because it was duplicative of a prior application. Counsel inquired whether Mr. Gallardo did an analysis of traffic data for the two dates in his determination of the duplicative nature of the applications. The City objected to the question based on it not being within the scope of direct examination and relevance and the objection was sustained. Mr. Gallardo testified that the second application was denied because it was duplicative of the first application.

Questions were asked concerning the three listed grounds for denial contained in the denial letter. Mr. Gallardo testified that the reasons listed are what is provided for in the code and that he is required to apply the code. Mr. Gallardo was questioned about his interpretation of the terms "similar in theme or units" in determining whether an application is duplicative. He provided a description of different parade "themes" and examples of "units". Mr. Gallardo stated that he did not reach out to the applicant to ask whether the second application was for a different theme.

Several questions were asked concerning the basis of the denial of the first application that were objected to and sustained. For reasons of judicial efficiency, it was agreed that all questions concerning the denial of the first application would have a standing objection and would have a standing ruling of sustained. Counsel for the applicant was given an opportunity to make a record concerning the basis for constitutional violations for void for vagueness, as applied, and criminal penalties.

Counsel for applicant renewed his motion for subpoenas and was asked to establish the relevance of the anticipated testimony. Motion for subpoenas denied as testimony would not be relevant.

After several additional questions concerning the review process for hypothetical applications or past applications, cross examination was concluded. The witness was dismissed subject to recall.

The City rested.

Applicant called its first witness Kobi Guillory.

Mr. Guillory stated that he is a member of the "Alliance". He is also involved with the coalition for the March on the DNC. Mr. Guillory testified about the issues supported by the coalition and the "Alliance". He testified that he submitted the application for the parade permit for a parade on August 19, 2024. He also submitted the application for the August 22, 2024 parade. Mr. Guillory stated that he wanted the parade on August 19, 2024, so that his coalition could make their seven demands known to the DNC. The witness answered additional questions concerning the application dated January 10, 2024 and discussions with the Department of Transportation about that application. The police did not contact him about that application. The application for the August 22, 2024 parade was presented to the witness and he stated that the decision to march during the week of the Convention was made around November 19, 2024, and that the decision was made to march on both dates as two separate protests. Mr. Guillory testified that he did not know that the permit to march on August 19, 2024 was denied when the application for the August 22, 2024 permit was filed and that he intended to March on both dates. When asked if the intended message to be conveyed at both parades was to be the same, Mr. Guillory testified that they were assuming, based on the way the Democratic Party has responded to marches that have occurred before, that the demands would not have been met between the 19th and the 22nd so they would be refreshing those demands and also it would be after four days of discussion so they would have some updates.

Two additional questions concerning the penalty provisions in section (s) were objected to and the objections were sustained.

Counsel then offered an affidavit from a witness that was not present. The City objected. The affidavit was allowed into the record but not admitted into evidence and not considered in this decision.

Additional questions concerning the application to the Park District for permits were asked and answered and then the direct examination was concluded.

Cross examination was conducted concerning the date of the denial of the January 10, 2024 application and the filing of the January 30, 2024 application. The witness testified that he did not know of the denial of the January 10, 2024, application at the time of the January 30, 2024, application. Cross examination was concluded.

Mr. Guillory was recalled by applicant.

On recall Mr. Guillory was asked about a permit application in 2023. He was shown City's Ex 1 and verified that the date on the application was August 7, 2023. He was then asked about applications filed in January. He testified that applications for parades in the next year can not be filed in the current year unless they are for a parade in January. Applications for dates later than January must be filed in the current year. Applications are considered on a first come first served basis. Examination was concluded.

Applicant next called Joe Iosbaker.

He stated that he is a member of "Alliance". He has been a member for ten years. Mr. Iosbake is a member of the decision-making process for the coalition. He testified that the coalition did not intend to only march on one day. They intended to march on multiple days but initially they intended to march on only one day but as the events developed in Gaza they decided to march on a second day. He believes that the August 22, 2024, parade was not permitted because it was duplicative, but he doesn't really understand what that means. He states that the coalition intended to also march on August 22, 2024 and that the August 22, 2024 march was not a repeat of the August 19, 2024 march.

He stated that he has experience with marches and parades. He stated that he wanted a parade permit to ensure safety and to make the event family friendly.

Direct examination concluded. No cross examination.

Counsel for applicant stated that they want to introduce evidence that the Police did not talk to their client and that the Police have talked to other applicants. City objected. Objection sustained.

**Closing arguments presented.**


**Discussion:**

The City asserts that the denial of the application dated January 30, 2024 was proper pursuant to section 10-8-330(d)(4).

Section 10-8-330(d)(1) establishes the behavior or conduct that is prohibited.

No person or organization may submit more than one application for the same parade date and route, or for a parade substantially similar in theme or units described but requesting an alternate date or route, whether using the same name, different names, or different affiliations that the person or organization may control or be a member of.

Section 10-8-330(d)(3) describes the consequences to a person or organization that violates section 10-8-330(d)(1).

Where a person or organization submits multiple applications for the same parade date and route or for a parade substantially similar in theme or units described but requesting an alternate date or route, whether by using one name or multiple names, that person or organization shall not be eligible for such a permit and shall be in violation of this ordinance.

Section 10-8-330(d)(4) authorizes the commissioner to take certain actions to enforce section 10-8-330(d) and establishes the applicant's right to appeal the commissioner's actions thereunder.

The commissioner is authorized to disregard any such multiple applications and to deny any permit on the basis of a violation of this subsection (d). Any applicant who disagrees with the commissioner's actions hereunder may appeal, in the manner set forth in subsection (l).

The City's argument is that if a side-by-side comparison of applications submitted by the same person or organization shows that the parades are substantially similar in theme or units described even if requesting different dates or routes or using different names the commissioner is authorized the disregard the application and deny the permit.

The City's Assistant Commissioner for the Department of Transportation Public Way Permitting office testified that he conducted such a comparison of applications and determined that they were for parades that were substantially similar in theme and units because they were both protest parades; they had very similar names with only a slight change by adding the date 08/22/24 on the second application; that the sponsoring organization was the same; that the parade routes were identical; and that the estimated participants was also identical. A review of City exhibits 1 and 3 discloses that the parade organizer / applicant on both is Kobi Guillory; that the parade assembly, disbandment, start, and end times are identical; that the assembly and disband location is identical; and that the participating units are described in each as "0".

The applicant contends that the City violated its Constitutional rights by denying the parade permit because the ordinance is unenforceable due to vagueness; that the denial was based on content rather than objective standards; that its due process rights were violated because the City did not follow its own procedures; and for other reasons that were presented. The applicant was provided wide latitude to establish a record of the grounds for its constitutional arguments, however, as the Administrative Law Judge does not have the authority to declare an ordinance unconstitutional either on its face or as applied, the determination here is not based on those grounds.

Constitutional issues aside, the applicant contends that the denial was not proper because the City failed to conduct an investigation as required in section 10-8-330(f) or provide the reasons for the denial as contained in section 10-8-330(g) after conducting such an investigation. The applicant contends that its intention was to conduct two marches on separate dates with different themes and that the applications for each parade should have been investigated individually.

Section 10-8-330(f) requires the commissioner to investigate the facts in an application.

The Commissioner shall investigate the facts set out in the application in consultation with the police department, which shall be sent copies of the application immediately upon receipt. Where the commissioner determines that additional information the factors set forth in subsection (g)(1) – (5) is required, copies of the application and a request for such information also shall be sent to any appropriate city department…

Section 10-8-330(g) requires the commissioner to issue a permit when the investigation establishes certain conditions.

After such investigation, the commissioner shall issue a permit when the commissioner finds that:

1. The parade will not substantially or unnecessarily interfere with traffic in the area…
2. Ther are available at the time of the parade a sufficient number of on-duty police officers to police and protect participants and non-participants…
3. The concentration of persons, animals, vehicles or other things at the assembly and disbanding areas and along the parade route will not prevent proper fire and police protection or ambulance service
4. The parade will not interfere with the use of the requested area by another party to whom a valid permit has been issued…

5. The parade will not be conducted for any purpose or in any manner made unlawful elsewhere in the code or by any other local, state, or federal law
6. The application contains sufficient information about the person or organization applying for the permit, the parade organizer, and the purposed date, time, location, route and number of participants

The facts in this matter are not at issue.

The applicant filed an application on January 10, 2024, and a second application on January 30, 2024. The City denied the first application on January 22, 2024, and the second application on February 1, 2024. The second application was denied as being substantially similar in theme or units described as in the first application in violation of 10-8-330(d).

A determination of this matter depends on the interpretation of section 10-8-330.

A review of section 10-8-330 discloses that definitions are provided in subsection (a); that a permit is required for a parade on any portion of the public way in subsection (b); and that when such applications shall be filed is established in subsections (c). The next subsection (d) establishes restrictions on the number of applications that can be filed by a person or organization for the same parade date and route or for parades that are substantially similar in theme or units described. Subsection (e) concerns the contents of the application. Subsections (f) and (g) establish that the commissioner shall investigate the facts of an application and that a permit shall be issued when certain conditions are determined. Subsection (h) describes when applications shall be processed. Subsection (i) deals with "traditional parades". Subsection (j) provides noticing requirements; subsection (k) requires that when an application is denied an alternate permit shall be authorized; and subsection (l) establishes an appeal process for applicants when their application is denied. Subsections (m), (n), (o), (p), (q), and (r) deal with technical issues of an issued permit. Finally, subsection (s) establishes penalties for violations of any provision of the section.

Based on a review 10-8-330, it is my interpretation of the law that if the Department of Transportation, after a review of applications for parade permits determines that on their face they are for the same date and route or are substantially similar in theme or units described, then that is a violation of subsection (d)(1) and therefore under subsection (d)(4) the commissioner is authorized to disregard the applications and deny any permit.

It is also my interpretation of the law in subsection (d)(4) that to "disregard" the application and to "deny" any permit means that the investigation pursuant to subsection (f) and the issuance of a permit pursuant to subsection (g) are not required for applications that are in violation subsection (d)(1).

**Findings:**

It is my finding that the City of Chicago Department of Transportation reviewed the applications filed on January 10, 2024, and on January 30, 2024, and properly determined that they were substantially similar in theme or units described. Therefore, based on my interpretation of the law, the denial of the application filed on January 30, 2024, was proper.

Further, the applicant's contention that the parades were for two separate marches with different themes is contradicted by its own witness. When asked if the intended message to be conveyed at both parades was to be the same, Mr. Guillory testified that they were assuming, based on the way the Democratic Party has responded to marches that have occurred before, that the demands would not have been met between the 19th and the 22nd so they would be refreshing those demands and also it would be after four days of discussion so they would have some updates. This clearly establishes similar themes for both parades. Also, City's exhibits 1 and 3, the applications that were filed, clearly indicate that the units participating in the parade were not only similar but were identical.

I find that the City of Chicago has established by a preponderance of the evidence that the application for a parade permit filed January 30, 2024, was properly denied.

**Decision:**

**The Denial of the application for a parade permit by the Department of Transportation is AFFIRMED.**

Entered: *Frank Lombardo*
Administrative Law Judge
Frank Lombardo

February 16, 2024
Judge #49