**10-8-330 Parade.**

(a)   The following terms are defined for the purposes of this chapter, as follows:

"Business day" means those days in which municipal offices are open for conducting city business. A "business day" does not include Saturday, Sunday or the holidays listed in Section 2-152-090.

"Commissioner" means the commissioner of transportation.

"Large parade" means any parade that is held in the central business district, as that term is defined in Section 9-4-010, or any parade that is anticipated to require city services exceeding $20,000.00 in value, to be adjusted beginning in 2013 for inflation.

"On-duty" means any city employee, including a police officer, who is scheduled to work on a specific day or shift as part of the employee's normal working hours. A city employee is not "on-duty" if the employee was not normally scheduled to work on that specific day or shift as part of the employee's normal working hours, but was called in or scheduled to work on that specific day or shift due to the demand for additional city personnel or resources.

The term "organization" shall include any voluntary association entered into for the purpose of organizing a parade.

"Parade" means any march, procession or other similar activity consisting of persons, animals, vehicles or things, or any combination thereof, upon any public street, sidewalk, alley or other public place, which requires a street closing or otherwise requires authorized city employees to stop or reroute vehicular traffic because the parade will not or cannot comply with normal and usual traffic regulations or controls.

"Parade organizer" means the person listed on the permit application who is designated as the responsible planner and on-site manager for the parade.

"Parade unit" or "unit" means one vehicle, one float or one marching group.

"Person" has the same meaning ascribed to that term in Section 1-4-090.

"Traditional parade" means a parade that has been conducted on or about a certain date, on a substantially similar route, and in connection with a specific holiday or consistent theme, for at least the prior five years. Not having a parade in 2020 or 2021 shall not be included as part of the counting of the five years.

(b)   No parade is permitted on any portion of the public way unless a permit allowing such activity has been obtained from the department of transportation.

(c)   Except as provided in subsection (i), any person or organization seeking to obtain a parade permit shall file an application with the commissioner in the same calendar year as, and not less than 15 business days before, the date for which the parade is proposed; provided that if the requested permit is for a parade to be held in January, the application must be filed not less than 15 business days before, and not more than one year before, the date for which the parade is proposed. The commissioner shall consider an application for a parade which is filed less than 15 business days before the proposed event, where the purpose of such event is a spontaneous response to a current event, or where other good and compelling causes are shown.

(d)   (1)   No person or organization may submit more than one application for the same parade date and route, or for a parade substantially similar in theme or units described but requesting an alternate date or route, whether using the same name, different names, or different affiliations that the person or organization may control or be a member of.

(2)   No person or organization may submit an application on behalf of another person or entity that is also filing a parade application.

(3)   Where a person or organization submits multiple applications for the same parade date and route, or for a parade substantially similar in theme or units described but requesting an alternate date or route, whether by using one name or multiple names, that person or organization shall not be eligible for such a permit and shall be in violation of this ordinance.

(4)   The commissioner is authorized to disregard any such multiple applications and to deny any permit on the basis of a violation of this subsection (d). Any applicant who disagrees with the commissioner's actions hereunder may appeal, in the manner set forth in subsection (l).

(e)   (1)   An application for a parade permit shall contain the following information:

(i)   the name, address, 24-hour contact telephone number, and, if available the fax number and e-mail address, of the person signing the application, and the organization with which that person is affiliated or on whose behalf the person is applying, if applicable. If the person is signing the application on behalf of an organization, evidence that the person is authorized to sign the application on behalf of such organization;

(ii)   where an organization is involved in requesting a permit, the name, address, 24-hour contact telephone number, and, if available, the fax number and e-mail address, of the leaders of the organization conducting the parade. If the applicant at a later date becomes affiliated with an organization for purposes of producing a parade, this information shall be submitted at such time;

(iii)   the name, address, 24-hour contact telephone number, and, if available, the fax number and e-mail address of the parade organizer;

(iv)   the date of the proposed parade and the hours that it will begin and end;

(v)   the location and exact street address of the assembly and disbanding area, the time when the parade will begin to assemble and disband and whether a permit has been obtained from the property owner to use the assembly or disbanding area;

(vi)   the approximate number of persons and vehicles, floats or other units to participate in the parade and the basis on which this estimate is made;

(vii)   the route along which the parade will proceed and the sidewalks or lanes of traffic it will occupy;

(viii)   a list identifying the type and number of all animals that applicant intends to have at the parade; and

(ix)   a description of any sound amplification or other equipment that is on wheels or too large to be carried by one person, and a description of the size and dimension of any sign, banner or other attention-getting device that is too large to be carried by one person, to be used in connection with the parade.

(2)   As a condition of the permit, the permit holder shall keep all information current. Any change in required information shall be reported to the commissioner immediately.

(3)   The application for a parade permit shall be accompanied by a non-refundable processing fee of $50.00.

(4)   No permit shall be issued until the parade organizer provides proof of the insurance required in subsection (m), if applicable.

(5)   The application shall be in a form and format as prescribed by the commissioner in rules and regulations. The commissioner is authorized to disregard any application filed not in compliance with such rules and regulations and the application shall be returned to the applicant.

(f)   The commissioner shall investigate the facts set out in the application, in consultation with the police department, which shall be sent copies of the application immediately upon receipt. Where the commissioner determines that additional information on the factors set forth in subsection (g)(1) – (5) is required, copies of

the application and a request for such information also shall be sent to any appropriate city department or other governmental agency, including any sister agency. Where the commissioner determines that any such entities may need to make advance preparations for the parade, or may have information useful to planning for city services supporting the event, a copy of the permit or an alternative form of notice shall be sent to the appropriate city department, and any governmental agency, including any sister agency, which may be affected by the parade.

The commissioner shall send a copy of each parade permit application to the alderman of the ward or wards in which the parade is to be held, with a request for any information on the factors set forth in subsection (g)(1) – (3), and a copy of the grant or denial of a parade permit.

Every February 1st and August 1st, the commissioner shall send to the police department and the city council committees on special events, cultural affairs and recreation and transportation and public way a list of all parade permits granted which have not previously been reported.

(g)   After such investigation, the commissioner shall issue a permit when the commissioner finds that:

(1)   The parade will not substantially or unnecessarily interfere with traffic in the area contiguous to the activity, or that, if the parade will substantially interfere with such traffic, that there are available at the time of the proposed parade sufficient city resources to mitigate the disruption;

(2)   There are available at the time of the parade a sufficient number of on-duty police officers, or other city employees authorized to regulate traffic, to police and protect lawful participants in the parade and non-participants from traffic-related hazards in light of the other demands for police protection at the time of the proposed parade;

(3)   The concentration of persons, animals, vehicles or things at the assembly and disbanding areas and along the parade route will not prevent proper fire and police protection or ambulance service;

(4)   The parade will not interfere with the use of the requested area by another party to whom a valid permit has been issued for the same area or route, or does not conflict with another application, or with a traditional parade;

(5)   The parade will not be conducted for any purpose or in any manner made unlawful elsewhere in this code or by any other local, state or federal law; and

(6)   The application contains sufficient information about the person or organization applying for the permit, the parade organizer, and the proposed date, time, location, route and number of participants.

(h)   Subject to subsection (i), all applications for any parade permit shall be processed on a first-in-time basis; provided that if there is a conflict between two or more applications filed, the conflict shall be resolved as follows:

(1)   During the first five business days of each calendar year, the commissioner shall accept all applications for a parade permit filed without giving priority to applications filed first in time; provided however that for purposes of calculating the number of days required to take action or provide notice pursuant to subsection (j), all applications filed within the first five business days of the calendar year shall be deemed as filed on the fifth business day of the year.

(2)   Where there is a conflict between two or more applications filed during the first five business days, or with an application for a traditional parade, the commissioner shall first evaluate whether the conflict could be resolved by assigning the applicants consecutive times on the same day and route, giving consideration to the criteria set forth in subsection (g)(1) – (4). If the commissioner finds that consecutive times are appropriate, the commissioner shall notify each applicant that the permit shall be granted for the specified alternative time. For those applicants who are not assigned their requested time period, such notice shall be treated as a denial and offer of alternative under subsection (k) for purposes of the five-business day time period in which to file an

acceptance or appeal.

Where consecutive times are not deemed appropriate and the conflict is with an application for a traditional parade, the traditional parade shall receive the permit in compliance with subsection (i).

(3)   With respect to any remaining conflicts among permit applications, the commissioner shall notify the applicants that the conflict shall be resolved by lottery, and of the date, time and place of the lottery. Within seven days after the lottery, the applicants not chosen may submit alternative preferences to the commissioner. Any requests for alternative preferences submitted by applicants under this subsection shall be treated as a new application, for purposes of all time limitations under this section, and any conflicts arising among the alternative preferences shall be resolved in accordance with the procedures set forth herein,

(4)   Applications for a parade permit received during the first five business days of the calendar year shall be given priority over applications received thereafter.

(i)   For purposes of protecting the expectations and enjoyment of the public, a traditional parade shall be given a preference to continue on the traditional date and route of the parade. An application for a permit for a traditional parade shall be filed between the 1st and 15th day of December in the year prior to which the parade is to be held. Any application for a permit for a traditional parade filed after such time shall lose the traditional parade preference and shall be considered as an application for a non-traditional parade permit and subject to subsection (h).

In addition to any other information required, the commissioner may request an applicant for a traditional parade permit to provide information or documentation that the parade for which the permit is requested meets the criteria for a traditional parade.

Where the prior organizer of a traditional parade has been consistent and is ascertainable, that person or organization shall be given the preference.

Where there is a dispute regarding which person or organization shall receive the traditional parade preference for a certain date or route, the traditional parade which has been in existence longer shall receive the permit.

Where two or more applications are filed purporting to represent the prior organizer of a traditional parade, or where there have been different organizers over the past five years, the commissioner may request those involved to submit documentation to resolve such conflict. Where the commissioner finds no clear resolution of the conflict, the commissioner shall conduct a lottery to select the permittee, and shall notify each applicant in writing by mail, fax or e-mail of the existence of the conflict and of the date, time and place of the lottery.

Any applicant who disagrees with the commissioner's actions hereunder may appeal, in the manner as set forth in subsection (i).

(j)   (1)   The commissioner shall take action upon the application for a parade permit, and provide notice thereof, for applications filed in January within 10 business days after filing of an application, for all other applications within seven business days after the filing thereof or, if any lottery is held, within seven business days of the lottery, except that where the purpose of such event is a spontaneous response to a current event, or where other good and compelling cause is shown, the commissioner shall act within two business days.

(2)   Notice shall be made in writing by mail, fax, or e-mail directed to the applicant, stating the facts and conclusions which are the basis for any denial of the permit and, if the action taken is setting a lottery date or offering a consecutive time, then describing the conflict among application requests. If the commissioner denies an application for failure to provide sufficient information about the proposed route or the estimated number of participants, he shall specify what additional information must be provided in a new or amended application.

(3)   In the event that the commissioner fails to take action within the time prescribed in subsection (j)(1) after the date upon which the application was filed, the application shall be deemed approved and the permit deemed granted as to the time, date, location and route as set forth in the application.

(k)   When the commissioner denies an application for a parade permit, the commissioner shall authorize the conduct of a parade on a date, at a time, at a location, or over a route different from that named by the applicant. This alternate permit shall, to the extent practicable, authorize an event that will have comparable public visibility and a similar route, location and date to that of the proposed parade. An applicant desiring to accept an alternate parade permit shall, within five business days after notice of the action by the commissioner, file a written notice of acceptance with the commissioner. Where the denial and alternate are based on a conflict between applications for a parade permit, however, the procedures set forth in subsection (h) shall apply.

The commissioner is empowered to limit the parade to the sidewalk or to one or more traffic lanes of the street if it is determined that such limited area is capable of accommodating the number of parade participants or parade units anticipated, based upon the information submitted by the applicant and the experience of previous comparable events, and such limitation shall not be considered a denial.

(l)   (1) Any applicant who believes that his application for a permit is wrongfully denied may file an appeal with the department of administrative hearings within five business days of the date of notice of the commissioner's decision. If no appeal is filed within five business days of the date of notice of the commissioner's decision, that decision shall be deemed final.

Upon the filing of such appeal, the department of administrative hearings shall cause a hearing to be held within five business days and based upon the evidence contained in the record of such hearing, either affirm or reverse the decision of the commissioner.

Any final decision of the department of administrative hearings shall be subject to judicial review in accordance with applicable law.

In the event that the department of administrative hearings fails to act within two business days of the conclusion of a hearing held under this section, the application for a permit shall be deemed approved and the permit deemed granted as to the date, time, location and route as set forth in the application.

(2)   If there is not sufficient time to file the appeal in accordance with the procedure set forth in this subsection, the decision by the commissioner shall be deemed a final decision subject to judicial review in accordance with applicable law.

(m)   For large parades, the commissioner shall require, as a condition of the permit, that the parade organizer obtain a commercial general liability insurance policy with limits of not less than $1,000,000.00 per occurrence for bodily injury, personal injury and property damage, naming the city as an additional insured on a primary, noncontributory basis for any liability arising directly or indirectly from the permittee's operations. In addition to the requirements stated above, and apart from and separate from any insurance requirement under this section, the permittee shall indemnify, defend and hold harmless the City of Chicago and its assignees and employees against any additional or uncovered third party claims against the city arising out of or caused by the parade; and shall agree to reimburse the city for any damage to the public way or to city property arising out of or caused by the parade.

(n)   (1)   At least one week prior to the scheduled parade, the parade organizer shall submit to the department of cultural affairs and special events a line of march, which shall list all parade units in numerical order, with a description and an estimate of the size or length of each unit. For any new parade, and for any parade for which in the prior year the estimate of the number or size of units was substantially inaccurate, the parade coordinator also shall be required to submit documentation demonstrating the planned participation of the parade units. At least one week prior to the scheduled parade, the parade organizer shall furnish to the commissioner documents demonstrating compliance with the insurance requirement set forth in this section, if required.

(2)   Where animals will participate or be involved in the parade, the parade coordinator must provide: a veterinarian's certificate of good health for each animal to be used; the name of the attending local veterinarian who shall provide care for any sick or injured animals; a copy of the handler's Federal Exhibitor's license for any animal identified in the Illinois Dangerous Animal Act; and access to an animal ambulance.

In order to protect the health and safety of the public, employees of the commission on animal care and control are authorized to inspect animals prior to their use in the parade and to prohibit the use of any animal found to be diseased or unhealthy, or which poses a danger to public health and safety.

   (3)   The commissioner may establish in rules and regulations provisions for the orderly conduct of the parade, including requiring the parade units to proceed at a reasonable pace.

   (o)   (1)   The parade shall last no longer than two hours and 15 minutes, except that where a traditional parade consistently has lasted longer and the commissioner determines that there is no traffic safety or undue congestion problem in continuing to allow the longer time period, the permit may provide for additional hours. The parade permit time may be reduced by the department of cultural affairs and special events after receipt of the parade lineup, where the number and size of the planned parade units are not sufficient to fill the permit time while proceeding at a reasonable pace, or may be reduced by the police department on location, for the same reason, where the actual size and number of parade units at the lineup are insufficient to require a two-hour and 15 minute street closing. Once the last unit has started on the parade route, the department of streets and sanitation will begin cleaning the street, and the police department will reopen the street to traffic as street cleaning is completed. Once the last parade unit has completed the parade route, all parade participants must disperse from the street so that it may be safely cleaned and reopened to traffic.

   (2)   Where the parade permit was limited to the sidewalk or one lane of traffic based on the estimated number of parade participants and parade units, and in the event that the number of participants in attendance exceeds anticipated levels, members of the police department are authorized to make reasonable accommodation to increase the portion of the public way made available in order to preserve public health and safety.

   Alternatively, where the number or size of parade participants or parade units participating are substantially less than expected, members of the police department are authorized to limit the available portion of the public way, where one lane of traffic or the sidewalk is capable of accommodating the number of participants and parade units present.

   (p)   The commissioner, in consultation with other city departments and agencies, including the department of cultural affairs and special events, is authorized to promulgate rules and regulations to implement this section.

   (q)   It shall be unlawful for any person to knowingly interfere with any person or organization lawfully conducting a parade.

   (r)   Any requirement for an application fee or obtaining insurance provided for in this section shall be waived by the commissioner if the application is for an activity protected by the 1st Amendment to the United States Constitution and the requirement would be so financially burdensome that it would preclude the applicant from applying for a parade permit for the proposed activity. An application for a waiver of the application fee or insurance requirement shall be made on a form prescribed by and contain reasonable proof acceptable to, the commissioner.

   (s)   Any person violating any of the provisions of this section, or any of the provisions of the regulations promulgated hereunder, shall be fined not less than $200.00 nor more than $1,000.00, or may be subject to incarceration for up to ten days, or both. In addition to any other penalty or fine provided, any person who sells or transfers a permit granted under this section shall be barred from applying for another such permit for a period of three years.

(Prior code § 36-31; Amend Coun. J. 7-29-87, p. 2888; Amend Coun. J. 12-20-89, p. 10127; Amend Coun. J. 12-11-91, p. 10832; Amend Coun. J. 11-30-94, p. 62771; Amend Coun. J. 12-21-94, p. 64115; Amend Coun. J. 11-18-98, p. 84402, § 1; Amend Coun. J. 12-12-01, p. 76493, § 1; Amend Coun. J. 7-27-05, p. 53211, § 1; Amend Coun. J. 12-7-05, p. 64870, § 1.9; Amend Coun. J. 11-19-08, p. 47220, Art. IX, § 1; Amend Coun. J. 11-17-10, p. 106597, Art. VII, § 3; Amend Coun. J. 1-18-12, p. 19230, § 5; Amend Coun. J. 10-28-15, p. 11951, Art. VI, § 27; Amend Coun. J. 11-16-16, p. 37901, Art. II, § 28; Amend Coun. J. 4-21-21, p. 29736, § 1)